IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1889/90-05






GARY MARSHALL PALMER, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Keller, P.J., delivered the opinion of the Court in which MEYERS,
KEASLER, HERVEY, HOLCOMB and COCHRAN, JJ., joined. WOMACK, J., filed a
disssenting opinion in which PRICE and JOHNSON, JJ., joined. 


 This case concerns the degree of deference an appellate court owes a trial court's ruling on
a challenge for cause. We reaffirm the principle that appellate courts should give great deference
to a trial court's resolution of a party's challenge for cause because the trial court is in the best
position to assess a prospective juror's demeanor. The court of appeals properly accorded such
deference in this case, and so we affirm.

I. BACKGROUND


 Appellant was charged with robbery and aggravated sexual assault. During voir dire
examination, prospective juror Taylor told the trial court that she had a personal issue she wished
to disclose. The following colloquy was held at the bench:

VENIREPERSON: Um, I came home one day and there was a guy in my house. He
was in the closet. And he came out, he had a stocking on his head and a gun. And
I pushed at him and he knocked me down on the bed. My daughter was behind me. 
She ran out the door. She was near the door. He jumped up and ran out of the
bedrooms.


THE COURT: How long ago was this?


VENIREPERSON: It's been, um, about 20 years, I guess.


THE COURT: Do you think you could set that personal experience aside and be a
fair and impartial juror in this trial?


VENIREPERSON: I think so.


THE COURT: You promise us you will?


VENIREPERSON: Yeah, I guess.


THE COURT: You understand it would be unfair to hold that against Mr. Palmer
what happened to you 20 years ago?


VENIREPERSON: I don't think I - no, I wouldn't be able to hold it.


THE COURT: Okay. Any questions?


[PROSECUTOR]: No.


[DEFENSE COUNSEL]: Yes, ma'am, I do. I know that's deep-rooted, that
emotional event for you. Happened 20 years ago?


VENIREPERSON: Yes, sir.


[DEFENSE COUNSEL]: You still remember it?


VENIREPERSON: Oh, yeah.


[DEFENSE COUNSEL]: It still brings tears to your eyes right now, doesn't it?


VENIREPERSON: Yes.


[DEFENSE COUNSEL]: See how emotional the impact on that is, ma'am? On a
case like a DWI case, you'd be an excellent juror, but on a case of something of such
nature that's so close to your emotions, can you see why this is probably not the type
of case - because we don't want to bring those memories up, like it's being brought
up to you now. We don't want to bring that up.

 Can you understand that in a case of this nature, you're probably not the best
type of juror? Being honest with the defendant, you probably would not be the best
juror; am I correct?


VENIREPERSON: Probably not.


[DEFENSE COUNSEL]: See, you've got tears coming to your eyes right now. We
don't want to see that. But the Judge doesn't care and the prosecutor doesn't care,
but on a case of this nature, you probably would not be the best juror. Correct,
ma'am?


VENIREPERSON: You're probably right.


[PROSECUTOR]: Well - 


[DEFENSE COUNSEL]: That's all the questions I have.


VENIREPERSON: I'm sorry.


THE COURT: You can be seated.


[DEFENSE COUNSEL]: Thank you ma'am. Judge, we move she be struck for
cause.


THE COURT: Denied.


 Defense counsel exercised a peremptory challenge against Taylor. He later exhausted all of
his peremptory challenges, requested more, was denied, and identified objectionable jurors he would
have struck. The jury convicted him of both offenses and sentenced him to 20 years for the robbery
and 30 years for the aggravated sexual assault.

 In a single point of error, appellant claimed on appeal that the trial court had erred in refusing
to grant his challenge for cause against Taylor. With regard to Taylor's emotional demeanor, the
court of appeals observed that "the trial judge was in the best position to evaluate [the prospective
juror's] demeanor and responses." (1) Additionally, the appellate court explained that Taylor stated she
could set aside her personal experience and be a fair and impartial juror. (2) Concluding that appellant
had not shown bias or prejudice "as a matter of law," the court of appeals held that "the trial court
did not abuse its discretion in denying defense counsel's challenge for cause." (3) 

II. ANALYSIS
 

 It is axiomatic that appellate courts must give great deference to a trial judge's ruling on a
challenge for cause because the trial judge "was present to observe the demeanor of the prospective
juror and to listen to his tone of voice." (4) Particular deference is accorded "when the potential juror's
answers are vacillating, unclear, or contradictory." (5) In Threadgill v. State, a capital murder case, we
confronted a factual scenario similar to the one we confront in this case. There, prospective juror
Hawkins stated in a questionnaire that "no one should be allowed to live for killing someone else." (6) 
During a portion of the voir dire, Hawkins "became emotional in response to questions about her
brother-in-law's murder" and "stated that she would not want someone with her mindset on the jury
if she were on trial for murder." (7) Nevertheless, she "repeatedly stated during her voir dire that she
could be a fair and impartial juror" and "that she could put any personal biases and experiences
aside." (8) The trial court denied the defendant's challenge for cause. (9)

 Like prospective juror Hawkins in Threadgill, prospective juror Taylor became emotional
about a past incident and expressed a belief regarding the fitness or appropriateness of her being a
juror in the case. These prospective jurors are also alike in that they affirmed their ability to set aside
their personal biases and to be fair and impartial. Perhaps Taylor's emotional distress was greater,
but we cannot know that for certain, (10) and perhaps Hawkins's affirmations were more definitive,
although that too may be a matter of interpretation. Hawkins at least expressed a particular position
adverse to the defendant's interests (that no one who killed someone else should live) while Taylor
simply expressed emotional distress. And Hawkins's statements about the undesirability of her
being a juror appear to have been more definitive than Taylor's, with Hawkins saying she would not
want someone with her mindset on the jury while Taylor simply agreed that she would probably not
be the "best juror" for the case.

 Appellant relies upon an unpublished court of appeals decision upholding a trial court's
dismissal of a prospective juror on the basis of the prospective juror's statement that she would not
be the best juror for the case. But appellant's argument fails to appreciate that the trial court's
decision on a challenge for cause is reviewed for abuse of discretion. Viewing the matter from a cold
record might suggest that prospective juror Taylor's fitness to serve may have been a close call, but
that is why the trial court has discretion - to address rulings that, from an appellate perspective,
could have gone either way. The trial court saw Taylor in person, heard her answers, and witnessed
her emotional state firsthand. Had the trial court excused Taylor, that decision would not have been
an abuse of discretion, but it was also not an abuse of discretion to permit her to remain on the panel.

 The judgment of the court of appeals is affirmed.


Date delivered: September 20, 2006

Do not publish
1. Palmer v. State, No. 14-04-00044/5-CR, slip op. at 5 (Tex. App.-Houston [14th Dist]
2005)(not designated for publication).
2. Id.
3. Id. at 5-6.
4. Threadgill v. State, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004).
5. Id.
6. Id. at 669.
7. Id.
8. Id.
9. Id.
10. Taylor's experience flowed from a personal incident rather than from a relative's
experience, but Taylor survived the experience, while Hawkins's relative was murdered.